1 | John E. Walker, SBN: 166270
2 | E-Mail: jwalker@sacrowalker.com
    | SACRO & WALKER LLP
3 | 700 N. Brand Blvd., Suite 610
    | Glendale, California 91203
4 | Tel.: (818) 721-9597
    | Fax: (818) 721-9670

5 | Attorneys for Plaintiff
    | BRIGHTHOUSE LIFE INSURANCE
6 | COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTHOUSE LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RHETT THOMAS, an individual; and MATHEW HARVEY, as SUCCESSOR TRUSTEE of THE BOYD AND MARGO THOMAS TRUST DATED SEPTEMBER 10, 1977<br><br>　　　　　Defendants. | Case No. 5:22-cv-2249<br><br>**PLAINTIFF BRIGHTHOUSE LIFE INSURANCE COMPANY'S INTERPLEADER COMPLAINT** |
PLAINTIFF BRIGHTHOUSE LIFE INSURANCE COMPANY'S
INTERPLEADER COMPLAINT

**COMPLAINT IN INTERPLEADER**

Plaintiff, Plaintiff, Brighthouse Life Insurance Company, through its undersigned counsel, for its Complaint for Relief in Interpleader avers as follows:

**PARTIES**

1. Plaintiff, Brighthouse Life Insurance Company f/k/a MetLife Investors USA Insurance Company ("Brighthouse"), is a corporation organized and existing under the laws of Delaware with its principal place of business in North Carolina. Brighthouse is duly authorized to conduct business in California.

2. Defendant Rhett Thomas is an adult citizen of California, domiciled in Riverside County, California, and presently being held at the Smith Correctional Facility in Banning, California.

3. Defendant Matthew Harvey, as Successor Trustee of the Boyd and Margo Thomas Trust Dated September 10, 1977 (the "Trust"), is an adult citizen of California and domiciled in Riverside County, California.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under Title 28 U. S. C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest. Plaintiff is a citizen of Delaware and North Carolina and Defendants are citizens of California.

5. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

**CAUSE OF ACTION IN INTERPLEADER**

7. MetLife Investors USA Insurance Company, now known as Brighthouse, issued life insurance policy number 206003705USU (the "Policy") to William Boyd Thomas (the "Insured") with a contract date of January 12, 2006,

and which provided life insurance coverage on the Insured. *A copy of the Policy is attached hereto as* **Exhibit A**.

8. On the Application for the Policy dated October 31, 2005, the Insured designated his spouse, Margo Jeanne Thomas ("Margo Thomas"), as the Policy's Primary beneficiary and his son, Rhett Thomas, as the Policy's Contingent beneficiary. *A copy of the Application for Individual and Multi-Life Life Insurance dated October 31, 2005, is attached hereto as* **Exhibit B**.

9. Upon information and belief, the Insured died on or about September 7, 2022 and his death was ruled a homicide. *A copy of the Insured's Certificate of Death is attached hereto as* **Exhibit C**.

10. As a result of the death of the Insured, Policy death benefits in the amount of $100,000.00 ("Death Benefit") became due to a beneficiary or beneficiaries and Brighthouse concedes liability to that effect.

11. Upon information and belief, the Policy's Primary beneficiary of record, Margo Thomas, also died on or about September 7, 2022, in the same location as the Insured, and her death was also ruled a homicide. *A copy of Margo Thomas's Certificate of Death is attached hereto as* **Exhibit D**.

12. Because Margo Thomas died in the same homicide event as the Insured, it is presumed she did not survive the Insured. See Cal. Prob. Code §§220-226.

13. Upon information and belief, the Policy's Contingent beneficiary of record, Defendant Rhett Thomas, was criminally charged with the murders of the Insured and Margo Thomas.

14. Cal. Prob. Code §252 (2015) provides, in relevant part:

> A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or

> other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

Cal. Prob. Code §252 (2015).

15. If it is determined that Rhett Thomas feloniously and intentionally killed the Insured, he would forfeit any right to the Death Benefit pursuant to Cal. Prob. Code §252 and/or other applicable law or principle, and would be treated as having predeceased the Insured.

16. Pursuant to the terms of the Policy, if Rhett Thomas is also treated as having predeceased the Insured, the Death Benefit would be payable to the Insured's Estate. See Exhibit A, at page 10, "BENEFICIARY."

17. Upon information and belief, there has been no proceeding commenced to administer the Estate of William Boyd Thomas and such an Estate proceeding is not anticipated.

18. By letter dated December 6, 2022, counsel for the Insured's family and Matthew Harvey, as Successor Trustee of the Trust, asserted a claim to the Death Benefit on behalf of the Trust, alleging that, pursuant to the terms of the Last Wills and Testaments of the Insured and Margo Thomas, any proceeds due to either Estate would be due to the Trust. *A copy of the letter dated December 6, 2022, with enclosures, is attached hereto as* **Exhibit E**.

19. There have been no other claims to the Death Benefit.

20. Under the circumstances, Brighthouse cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading defendants, Brighthouse is or may be exposed to multiple liability.

21. Brighthouse has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the Defendants as to the Death Benefit.

22. Brighthouse is ready, willing and able to pay the Death Benefit, plus applicable interest, if any, in accordance with the terms of the Policy to whomever this Court shall designate.

23. As a mere stakeholder, Brighthouse has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom the proceeds should be paid.

24. Accordingly, Brighthouse will distribute to the Clerk of Court for deposit into the Registry of the Court the Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

25. Brighthouse has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Brighthouse and any of the Defendants. Brighthouse brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Brighthouse prays that the Court enter judgment:

(a) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(b) permitting Brighthouse to deposit the amount of the Death Benefit, plus applicable interest, if any, into the Registry of the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(c) discharging Brighthouse from any and all further liability to the Defendants relating in any way to the Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(d) dismissing with prejudice Brighthouse from this action following deposit of the Death Benefit with the Registry of the Court or as otherwise directed by this Court;

PLAINTIFF BRIGHTHOUSE LIFE INSURANCE COMPANY'S
INTERPLEADER COMPLAINT

(e) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Policy and/or the Death Benefit;

(f) awarding Brighthouse its attorneys' fees and costs in their entirety; and

(g) awarding Brighthouse any other and further relief that this Court deems just and proper.

DATED: December 23, 2022

Respectfully Submitted

By  /s/ John Walker
John E. Walker
Attorneys for Plaintiff
BRIGHTHOUSE LIFE INSURANCE COMPANY

- 5 -

PLAINTIFF BRIGHTHOUSE LIFE INSURANCE COMPANY'S
INTERPLEADER COMPLAINT